# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2010

No. 08-60394

Charles R. Fulbruge III
Clerk

JOSE VLADIMIR ORELLANA-MONSON; ANDRES EDUARDO
ORELLANA-MONSON,

Petitioners,

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200-027-848

---

Before SMITH, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Salvadoran brothers Juan and Andres Orellana-Monson (the Orellanas) seek asylum and withholding of removal, alleging that they have a well-founded fear of persecution on account of their membership in particular social groups. The immigration judge (IJ) denied the Orellanas' application, and the Board of Immigration Appeals (BIA) affirmed. For the following reasons, we vacate the BIA's order and remand to the BIA.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-60394

**I**

The Orellanas lived with their maternal grandmother, her husband, and several other relatives in Zacatecoluca, El Salvador, until they fled to the United States. Mara 18, a gang in El Salvador, operates in the Orellanas' neighborhood. One of the local leaders of the gang approached Jose and asked him to join Mara 18. After Jose refused, the gang leader threatened to kill him and his family unless he joined the gang. The gang member subsequently returned to Jose's house and forced him to participate in the robbery of a jewelry store. About three weeks later, the Orellanas' grandmother arranged for Jose and Andres to flee to the United States. They were apprehended by border patrol agents shortly after crossing the border.

The Department of Homeland Security charged Jose and Andres as removable as aliens present in the United States without being admitted or paroled.[1] The Orellanas admitted the allegations, conceded removability, and applied for asylum and withholding of removal. Jose and Andres maintained that they were refugees eligible for asylum because, if they return to El Salvador, they will be persecuted on account of their membership in particular social groups.[2] Specifically, Jose contends that he is a member of a social group consisting of Salvadoran males between the ages of eight and fifteen who have been recruited by Mara 18 but have refused to join due to a principled opposition to the gang way of life. Andres alleges that he belongs to a social group consisting of family members of Jose. Jose also asserted that he feared future persecution based on his anti-gang, anti-crime political opinion, and Andres maintained that Mara 18 likely would impute Jose's political opinion to him;

---

[1] *See* 8 U.S.C. § 1182(a)(6)(A)(i).

[2] *See id.* § 1101(a)(42)(A).

2

however, on appeal the Orellanas have withdrawn their contentions regarding political opinion.

The BIA affirmed the IJ's denial of the Orellanas' application for asylum and withholding of removal, finding "no error in the Immigration Judge's conclusion that [Jose and Andres] failed to establish past persecution or a well-founded fear of future persecution on account of one of the five grounds enumerated in [the Immigration and Nationality Act (INA)]." The BIA found "[t]he record . . . devoid of any evidence from which [it could] infer that the Mara 18 gang member was motivated to harm [Jose] on account of a protected ground." The BIA also concluded that the threats against Jose and his family and Jose's forced participation in illegal activity were "acts by criminals" and "not persecution 'on account of' one of the protected grounds required in order to establish a claim for asylum or withholding of removal." This petition for review followed.

## II

We review only the BIA's decision, "unless the IJ's decision has some impact on the BIA's decision."[3] While "[t]he BIA does not have to 'write an exegesis on every contention,'" it must "'consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.'"[4]

We cannot adequately discern the theory upon which the BIA denied the Orellanas' claims for asylum and withholding of removal. To be eligible for withholding of removal, an applicant must "establish that race, religion, nationality, membership in a particular social group, or political opinion was or

---

[3] *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

[4] *Roy v. Ashcroft*, 389 F.3d 132, 139 (5th Cir. 2004) (quoting *Efe v. Ashcroft*, 293 F.3d 899, 908 (5th Cir. 2002)).

will be at least one central reason for persecuting the applicant."[5]  It is unclear from the BIA's decision whether it concluded (1) that the Orellanas have not established a protected ground—that they are members of particular social groups; (2) that even if the Orellanas' alleged social groups are cognizable under the INA, there is not sufficient evidence that they fear persecution because of their membership in those social groups; or (3) both.  We therefore lack sufficient basis for a proper review of the Orellanas' claims.

*     *     *

Accordingly, we VACATE the BIA's order and REMAND the case to the BIA for further explanation of the basis for its decision.

---

[5] 8 U.S.C. § 1158(b)(1)(B)(i); *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009).